M. A. PRESSLEY, Appellee, v. T. S. ROE, Appellant.

Statute of Frauds: CONTRACTS FOR SALE OF REAL ESTATE: PAROL EVIDENCE. Parol evidence of an agreement to sell and convey real estate, where part of the purchase price has been paid, is competent under section 3665 of the Code.

*Appeal from Polk District Court.*—HON. MARCUS KAVANAUGH, JR., Judge.

TUESDAY, OCTOBER 20, 1891.

ACTION to recover the amount of three promissory notes. The defendant admitted the making of the notes, and pleaded a counterclaim. There was a trial by jury, and a verdict and judgment in favor of the plaintiff. The defendant appeals.—*Reversed.*

*Jas. M. McCaughan*, for appellant.

*W. W. Phillips*, for appellee.

ROBINSON, J.—The defendant, by way of counterclaim, states, in substance, that one William Beezley

made to the plaintiff his promissory note for the sum of two hundred dollars, and to secure its payment delivered to the plaintiff an instrument which purported to convey certain lots; that the instrument was in the form of an ordinary deed of conveyance, excepting that the name of the grantee was omitted; that it was agreed between the plaintiff and Beezley that, upon the payment of the note, the instrument should be returned to Beezley, or to whomsoever he should direct; that before the maturity of his note Beezley agreed with the defendant to convey to him all his interest in the lots, and notified the plaintiff of such agreement, and directed her to deliver the instrument to the defendant upon the payment of the note which it was given to secure; that the defendant, at or about the time of the maturity of the note, tendered to the plaintiff the amount due thereon, and demanded the instrument, but the tender and demand were refused; that thereafter the plaintiff wrongfully inserted her name in the deed as grantee, and caused it to be recorded, and then conveyed the lots to M. E. Hall, who claims to own them. The defendant avers that, by reason of the alleged wrongful conversion of the lots, there is now due him the sum of five hundred and fifty dollars. The plaintiff, in reply, admits that she received the note and blank deed from Beezley, as alleged; admits that she afterwards inserted her name in the deed as grantee, and that she has conveyed the lots to M. E. Hall; but she alleges that her name was inserted in the deed after the note made by Beezley had become due, by his direction, under an agreement made with him by which she accepted the lots in payment of his note; that she took the lots for their reasonable value, without any knowledge of the alleged conveyance by Beezley to the defendant, or to any other person.

On the trial Beezley testified in behalf of the defendant, and among other things stated that, before

the maturity of his note to the plaintiff, he had agreed with the defendant to convey to him the lots, and that for such conveyance the defendant had agreed to give him twenty-five dollars and pay his note to the plaintiff; that the agreement was verbal, but at the time it was made the defendant paid him money and other property as part of the agreed consideration; and that since this action was commenced he had executed and delivered to the defendant a quitclaim deed for the lots. Beezley also testified that he notified the plaintiff of his agreement with the defendant, and directed her to deliver to him the deed upon payment of the note for which it was security. Other evidence was given which tended to sustain the counterclaim. The plaintiff objected to the evidence as to the sale by Beezley to the defendant, on the ground that it was incompetent because it was not in writing, and signed by the parties, and moved the court to strike from the record all the evidence introduced by the defendant in support of his counterclaim for the reason stated. The motion was sustained, and the correctness of that ruling is presented to us for determination.

The motion to strike seems to have been made and sustained on the theory that, as no deed of conveyance had been given by Beezley to the defendant before this action was commenced, the evidence against which the motion was directed was incompetent under the statute of frauds. For the purposes of this case the deed given to the defendant may be disregarded. The rights of the defendant and Beezley were fixed by the verbal agreement of sale, and the payment of a part of the consideration. That such agreement was entered into, and such partial payment was made, is not in any manner contradicted; and the testimony of Beezley to the fact of payment was competent, under section 3665 of the Code. Whether it was also competent under section 3667 we need not determine. The appel-

lee claims, in effect, that the ruling on the motion was not material, because she had no knowledge of the alleged sale until after she had accepted the deed for the lots in payment of her note against Beezley, but we do not understand that the evidence necessarily shows that to be the case.

We think the court erred in sustaining the motion, and that the ruling may have been prejudicial. REVERSED.